FILED'06 MAR 27 11:12USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRIS C. MALETIS III, KRISTINE K.
MALETIS; THOMAS M. MALETIS; and
SUSAN E. MALETIS,

        Civil No. 05-820-ST

    Plaintiffs,

        ORDER

  v.

PERKINS & COMPANY, P.C., an Oregon
Professional corporation; JAMES B. JEDDELOH;
ALAN GRIFFITH; DEUTSCHE BANK
SECURITIES INC., a Delaware corporation d/b/a
DEUTSCHE BANK ALEX. BROWN;
DEUTSCHE BANK AG, a German corporation;
and DAVID PARSE,

    Defendants.

HAGGERTY, Chief Judge:

On September 13, 2005, Magistrate Judge Stewart issued a Findings and Recommendation [42] recommending that plaintiffs' Motion to Remand [20] should be granted and that defendant's Motion for a Stay of Proceedings Pursuant to the FAA [14] should be

1 -- ORDER

stricken as moot. Defendants filed timely objections to the Findings and Recommendation [43].

This matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a Magistrate Judge. 28 U.S.C. § 636(b)(1). Within ten days of being served with a copy of the Findings and Recommendation, any party may file written objections and the court shall make a *de novo* determination of those portions of the Findings and Recommendation to which objections are made. *Id.* When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

This court has reviewed the record *de novo* as well as defendants objections. Magistrate Judge Stewart provided a thorough articulation and analysis of the facts regarding this litigation, which this court need not duplicate here. For the reasons stated below, Magistrate Judge Stewart's recommendations are sound, correct and entitled to adoption in their entirety

**DISCUSSION**

1.  <u>Jurisdiction Pursuant to 9 U.S.C. § 202.</u>

Defendants argue that removal of the instant action is proper because this court has subject matter jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Agreements (the Convention). *See* 9 U.S.C. § 202. Defendants contend that the Convention establishes jurisdiction here because the Account Agreements (the Agreements) in question contain mandatory arbitration clauses that "fall under" § 202. Specifically, defendants make two assertions regarding the propriety of removal under the Convention. First, defendants

2 -- ORDER

argue that the involvement of Deutsche Bank AG[1] in the Agreements between plaintiff and DB Alex. Brown sufficiently establishes jurisdiction under the Convention. Second, defendants contend that the Agreements, even if properly construed as being exclusively between United States citizens, still "fall under" the Convention because they meet two exceptions under § 202. Namely, defendants argue that the Agreements (i) anticipated performance or enforcement abroad, or (ii) had some reasonable relation with a foreign state. Defendants objections are without merit.

The Convention requires that at least one party to the Agreements must be a foreign citizen in order to properly establish subject matter jurisdiction. This court agrees that the relevant commercial relationship existed between plaintiffs and DB Alex. Brown, as signatories to the Agreements. Since neither plaintiffs nor DB Alex. Brown are foreign citizens, subject matter jurisdiction does not exist under the Convention.

Likewise, this court agrees that the Agreements do not "fall under" the Convention because they fail to satisfy the applicable exceptions under § 202. The record does not establish that the parties contemplated or effected the purchase or sale of foreign stocks, bonds or any other activity in a foreign country. Although the Agreements conveyed authority to DB Alex. Brown to purchase and or sell foreign currency options, this fact, standing alone, is insufficient to satisfy the Convention's requirements for either exception to apply.

2.  <u>Substantial Federal Question Jurisdiction.</u>

Additionally, defendants argue that removal is proper because this court has federal

---

[1] Deutsche Bank AG is incorporated under the laws of Germany and operates its principal place of business in Germany.

question jurisdiction. Defendants contend that the success of plaintiffs' claims hinge on the determination of whether the federal tax laws prohibited the tax strategies at issue. Defendants argue that plaintiffs' claims implicate issues of tax law interpretation and create federal question jurisdiction. Defendants argument is unavailing.

Plaintiffs contend that defendants rendered inadequate tax and legal advice which resulted in substantial financial losses. The plaintiffs, however, have not challenged any federal regulation or law and the Internal Revenue Service is not a party to an action by the plaintiffs. Moreover, plaintiffs' allegations deal squarely with factual determinations regarding whether defendants breached a duty of care by recommending a suspect tax strategy and or deliberately misleading plaintiffs into undertaking that strategy. This court agrees that the crux of plaintiffs' allegations are grounded in state tort law and do not involve substantial federal issues. Therefore, no basis for federal question jurisdiction exists.

## CONCLUSION

Accordingly, the Magistrate Judge's Findings and Recommendation [42] is ADOPTED. Plaintiffs' Motion for Remand [20] is GRANTED and defendants' Motion for a Stay of Proceedings Pursuant to the FAA [14] is STRICKEN AS MOOT.

IT IS SO ORDERED.

Dated this 27 day of March, 2006.

ANCER L. HAGGERTY
United States District Judge

4 -- ORDER